UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------  X

BEST PAYPHONES, INC.,

                    Plaintiff,            **OPINION & ORDER**

    -against-                            01-cv-3934 (JG) (KAM)
                                         01-cv-8506 (JG) (KAM)
CITY OF NEW YORK *et al.*,               03-cv-0192 (JG) (KAM)

                    Defendants.


-------------------------------------  X
-------------------------------------  X

BEST PAYPHONES, INC.,

                    Plaintiff,            **OPINION & ORDER**

    -against-                            04-cv-3541 (JG) (KAM)

ALLAN DOBRIN, *former Department of
Information Technology and
Telecommunications (DoITT)
Commissioner et al.*,

                    Defendants.

-------------------------------------  X
MATSUMOTO, United States Magistrate Judge:

         Plaintiff, Best Payphones, Inc., moves to consolidate

the above-captioned actions, 01-cv-3934, 01-cv-8506, 03-cv-0192

and 04-cv-3541, and amend the complaints in the first two actions

to conform to the amended complaint filed on August 16, 2004

(Doc. No. 21) in 03-cv-0192. (See Doc. No. 55, Notice of Motion

-1-

to Consolidate and Amend Complaints, at 1-2.)[1]  As discussed

below, defendants do not oppose consolidation.

The parties dispute which set of allegations – which

complaint or amended complaint – should govern for purposes of

the consolidated actions.  Plaintiff contends that the amended

complaint in 03-cv-0192 was properly filed, as of right, on

August 16, 2004 and should control because it embodies the most

complete set of allegations against the defendants.  Defendants

counter that the consolidation should encompass "the original 01-

cv-3934 [complaint], the original content of [the] 01-cv-8506

[complaint], the original 03-cv-0192 [complaint], and that

whether the additional content sought [to be added] would be

decided by the Court pursuant to the standards for leave [to

amend]."  (Transcript of telephone conference before the

undersigned on March 17, 2006 ("March 2006 Tr."), at 13.)

Defendants further contend that the amended complaint filed in

03-cv-192 on August 16, 2004 is "a nullity" because it was filed

without leave of court.  (Id. at 5-6.)  In addition, defendants

contend that the filing of a new complaint in 04-cv-3541, which

is identical to the amended complaint in 03-cv-192, is a "'back-

door' effort to evade the amendment requirement and hence, . . .

---

[1] Plaintiff's motion to amend and consolidate has been
separately filed in each of the above-referenced cases.  Unless
otherwise noted, for purposes of this Opinion and Order, all
references to docket entries will be to documents entered in 03-
cv-192.

should be equally invalid." (<u>Id.</u> at 11.)

For the reasons set forth below, the above-referenced cases are hereby consolidated under the docket number 03-cv-192. The amended complaint in 03-cv-192, filed on August 16, 2004, will serve as the governing complaint for purposes of the consolidated action. The motion to amend in 01-cv-3934 and 01-cv-8506 is granted to the extent that the complaints in those actions shall conform to the amended complaint filed in 03-cv-192 on August 16, 2004. A motion to amend the 03-cv-192 complaint is not necessary because the amended complaint in that case was filed as of right and plaintiff does not seek further amendments of that complaint. Similarly, a motion to amend the complaint in 04-cv-3541 is not necessary because the complaint in that case is, according to the parties, identical to the amended complaint in 03-cv-192. (<u>See</u> Doc. No. 57, Declaration of Michael Chaite in Support of Motion to Consolidate and Amend Complaints ("Chaite Decl."), ¶ 10; March 2006 Tr. at 13.) Plaintiff, therefore, is strongly encouraged to voluntarily dismiss its complaint in 04-cv-3541. If plaintiff does not voluntarily dismiss the complaint in 04-cv-3541, defendant may move against that complaint in the manner provided by Judge Gleeson's motion practices and the Federal Rules of Civil Procedure.

# I.  DISCUSSION

## A.  Consolidation

Federal Rule of Civil Procedure 42(a), which governs motions to consolidate, states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

See also Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990).

Consolidation serves to avoid unnecessary costs and confusion that would result if related actions were tried separately.  See Katz v. Realty Equities Corp., 521 F.2d 1354, 1359 (2d Cir. 1975).  The Court, however, must balance efficiency concerns against the potential for confusion or prejudice.  See Olsen v. New York Cmty. Bancorp, Inc., 233 F.R.D. 101, 105 (E.D.N.Y. 2005); Kelly v. Kelly, 911 F. Supp. 66, 69 (N.D.N.Y. 1996).

As previously mentioned, defendants do not oppose plaintiff's motion to consolidate.  (Doc. No. 62, Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Consolidate and Amend Complaints ("Defs.' Opp'n MOL"), at 1 ("Defendants have for years been striving to . . . effect consolidation . . . ."); March 2006 Tr. at 17 ("[W]e wholly

consent to consolidation.").) Notwithstanding defendants'
consent, the Court finds that consolidation is appropriate.

Common factual and legal questions arise in all the
related actions. The gravamen of the complaints in each of the
related <u>Best Payphones</u> actions is the assertion that the City of
New York has discriminated against Best Payphones in its
regulation of public pay telephones. As recognized by Judge
Gleeson, "[o]ver the past five years, plaintiff has filed
multiple lawsuits with overlapping claims and a shifting roster
of defendants, including the City of New York, the DoITT . . .
and various individuals, including individual lawyers who have
been involved in litigating plaintiff's claims on behalf of the
DoITT." <u>New Phone Co., Inc. and Best Payphones, Inc. v. City of
New York</u>, Nos. 00-CV-2007, 03-CV-3978, 01-CV-3934, 01-cv-8506,
03-CV-192, 04-cv-3541, 05-cv-1702, 2005 WL 1902119, at *1
(E.D.N.Y. Aug. 5, 2005). Moreover, consolidation would not
prejudice the defendants, who consent to the motions for
consolidation. <u>See</u> <u>Olsen</u>, 233 F.R.D. at 105 ("it is apparent
that no party will suffer prejudice from consolidation, a fact
confirmed by the complete absence of any opposition thereto.")
For these reasons, the interests of judicial economy and the
desirability of obtaining a fair resolution of all related claims
in a single action weigh in favor of the requested consolidation.
The motion to consolidate is therefore granted.

**B.** **Amendment**

Defendants contend that plaintiff's amended complaint, filed on August 16, 2004 in 03-cv-192, is a nullity because plaintiff failed to obtain leave to amend its original complaint, notwithstanding that a responsive pleading to the original complaint was never filed. (See March 2006 Tr. at 5-6, 17, 20.) Defendants' position contravenes the clear language of Fed. R. Civ. P. 15(a), which provides in relevant part: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Defendants do not dispute that although they requested and were granted an extension of time, until July 22, 2003, to "answer or move with respect to the complaint" in 03-cv-192, (see Doc. No. 5, Endorsed Order on Letter dated May 22, 2003 from Michael Adler, Esq. to Judge Trager ("May 2003 Ltr. to Judge Trager"))[2], defendants had not filed an answer or moved against the initial complaint as of August 16, 2004, when plaintiff filed its amended complaint.

As discussed in detail below, defendants contend that plaintiff was precluded from filing an amended complaint as of right because (i) on March 12, 2004, plaintiff conceded that a motion was necessary when it requested a pre-motion conference before Judge Gleeson prior to making its motion to amend and

_____

[2] District Judge David G. Trager was previously assigned to the Best Payphones cases. These matters were subsequently reassigned to Judge Gleeson on June 4, 2003.

consolidate, (ii) on March 15, 2004, Judge Gleeson referred plaintiff's "proposed motions" to the assigned magistrate judge, impliedly ruling that such motions were necessary, (iii) on October 14, 2004, the undersigned determined that leave of court was necessary to file "further amendments to the complaints and amended complaints" and (iv) the amended complaint in 03-cv-192 violates the doctrine against claim-splitting. (<u>See</u> Doc. No. 25, Minute Entry for Status Conference before the undersigned on October 14, 2004 ("October 2004 Minute Entry"), ¶ 6; Doc. No. 78, Letter from Michael Adler, Esq. to the undersigned dated March 27, 2006 ("Defs.' March 27, 2006 Ltr."), at 3-4.)

### 1. Effect of Plaintiff's Pre-motion Conference Request

First, defendants contend that because plaintiff requested a pre-motion conference before Judge Gleeson on March 12, 2004, seeking to file a motion to amend and supplement the first three actions, plaintiff was, in effect, precluded from amending, as of right, its complaint in the third action, 03-cv-192. (<u>See</u> October 2004 Tr. at 10-12; Defs.' Opp'n MOL, at 14-15 n. 4; <u>see also</u> Doc. No. 14, Letter from Mayne Miller, Esq. to Judge Gleeson dated March 12, 2004 requesting pre-motion conference in 01-cv-3934, 01-cv-8506 and 03-cv-0192 ("Pl. March 2004 PMC Request").) Defendants further contend that because Judge Gleeson endorsed plaintiff's pre-motion letter on March 15,

2004, by stating "[t]he proposed *motion* is referred to Judge Levy"[3] (<u>see</u> Endorsed Order on Plaintiff's March 2004 PMC Request) (emphasis added), Judge Gleeson "impliedly ruled" that a motion was necessary.  (October 2004 Tr. at 12.)

In this regard, defendants posit that "Judge Gleeson could have endorsed the order by saying [']motion unnecessary['] or some other phraseology like that, but he did not."  (<u>Id.</u>) Accordingly, defendants argue that plaintiff's request to amend its complaints, coupled with Judge Gleeson's implied ruling, which is the "law of the case[,]" (<u>id.</u> at 13), renders inapplicable Fed. R. Civ. P. 15(a), permitting an amendment of a pleading "once as a matter of course, at any time before a responsive pleading is served . . . ."

The Court rejects defendants' contention that plaintiff was precluded from amending its complaint as of right because of its request for a pre-motion conference before Judge Gleeson in March 2004.  It appears that plaintiff requested a pre-motion conference before Judge Gleeson because the parties could not agree on the scope of an amended, consolidated complaint which would encompass the three <u>Best Payphones</u> actions pending at that time.  As indicated in plaintiff's March 2004 pre-motion conference letter, and as reflected in the Court's docket,

_____

[3] Magistrate Judge Robert M. Levy was previously assigned to the <u>Best Payphones</u> cases.  These matters were subsequently reassigned to the undersigned on July 16, 2004.

plaintiff had first stated its desire to consolidate and amend the first three original complaints (01-cv-3934, 01-cv-8506, 01-cv-192) nine months earlier, in June 2003. From June 2003 to May 2004, Judge Levy held numerous conferences in an effort to facilitate an agreement between the parties regarding the scope of the amended, consolidated complaint. (See Minute Entries for 6/24/03, 10/15/03, 12/12/03, 2/24/04 and 5/13/04.) To this end, Judge Levy directed plaintiff to circulate, but not to file, a draft complaint, consolidating without substantive additions the three then existing lawsuits involving Best Payphones in this Court, indicating the sources of each paragraph. (Doc. No. 9, Minute Entry for 10/15/03; see also Doc. No. 7, Minute Entry for 6/24/03.)

Although the Minute Entry for the conference before Judge Levy on December 12, 2003 indicates "[d]ispute resolved concerning consolidated complaint[,]" and despite the efforts of Judge Levy and the parties, plaintiff ultimately was not satisfied with the content of the unsigned, draft consolidated complaint and did not file it. Defendants suggest that by declining to file the draft consolidated complaint circulated under Judge Levy's supervision, plaintiff waived its right to file an amended complaint in 03-cv-192 without leave of court. (See October 2004 Tr. at 17, li. 19-22; 19-21; 22-23.)

As the Court stated previously, at both its October

2004 and March 2006 conferences, it is unwilling to speculate as to what was intended and what can be inferred from the endorsed orders or docket entries of the judges in this case, including Judge Levy's notation that the dispute was "resolved." Even assuming, *arguendo*, that Judge Levy understandably expected plaintiff to file the draft consolidated complaint, to the extent plaintiff did not agree to the terms of the draft, plaintiff declined to file the document.[4]

In their Memorandum of Law, defendants cite <u>Elliott v. Foufas</u>, 867 F.2d 877 (5th Cir. 1989), for the proposition that the "single amendment permitted by FRCP 15(a) is exhausted where plaintiff makes any amendment at all to the complaint, even one compelled by the court that plaintiff did not make voluntarily." (Defs.' Opp'n MOL at 14 n. 4.) Defendants contend that "plaintiff effected the single permitted amendment by amending its complaint so as to combine the contents of the three actions without expansion, as directed by Judge Levy. That plaintiff withheld filing is without consequence." (<u>Id.</u>) Defendants'

---

[4] At the conference before the undersigned in October 2004, plaintiff explained why the draft consolidated complaint negotiated under the supervision of Judge Levy was not filed. (<u>See</u> October 2004 Tr. at 18-19 ("Mr. Miller:  The reason for . . . [exchanging the draft] was to obtain consent of the corporation counsel to the concept of consolidating the three actions. . . It was a draft or a proposal . . . not a pleading.  If as a non-pleading it should have been filed, then I am remiss and I would have filed it.  But I would not have filed it with my signature on it and I would not have filed it as a consolidated complaint.").)

reliance on <u>Elliott</u> is misplaced and undercuts their position.

In <u>Elliott</u>, the district court granted the defendants'
Fed. R. Civ. P. 12(e) motion for a more definite statement, and
ordered plaintiff to file an amended complaint conforming to the
district court's standing orders governing the pleading of
violations of the Racketeer Influenced and Corrupt Organizations
Act. The <u>Elliott</u> plaintiff filed an amended complaint that "did
not significantly clarify the vague allegations of her original
complaint." 867 F.2d at 879-80. Thereafter, the district court
granted the defendants' motions to dismiss the amended complaint
for failure to state a claim. <u>Id.</u> at 880. The United States
Court of Appeals for the Fifth Circuit, in affirming the
dismissal of the plaintiff's amended complaint for failure to
state a claim, noted that because the plaintiff had already filed
an amended complaint, albeit not voluntarily, it was an amendment
within the terms of Fed. R. Civ. P. 15(a). <u>Id.</u> at 882-83.
Because the plaintiff was on notice of the deficiencies in her
original complaint, and because her amended complaint should have
cured those deficiencies, but did not, "[a]ny further amendment .
. . could only be by leave of the court." <u>Id.</u>

Defendants' reliance on <u>Elliott</u> is misplaced because,
among other reasons, unlike the plaintiff in <u>Elliot</u>, Best
Payphones was not ordered to, and did not file an amended
complaint in any of the cases, prior to the filing of its August

-11-

2004 amended complaint in 03-cv-192.  Judge Levy's repeated

efforts to facilitate an agreement between the parties regarding

the scope of a consolidated, amended complaint in the first three

cases ultimately proved unsuccessful.  Judge Levy's minute

entries memorialize the lack of agreement between the parties

with respect to the scope of a consolidated, amended complaint.

(<u>See</u> Minute Entries for 6/24/03, 10/15/03, 12/12/03, 2/24/04 and

5/13/04.)

Following numerous conferences before Judge Levy

regarding the proposed consolidated and amended complaint,

plaintiff requested a pre-motion conference before Judge Gleeson

because it sought to file an amended, consolidated complaint

which would control for purposes of the consolidated actions, and

which would include claims beyond what defendants may have agreed

to.  (<u>See</u> Pl. March 2004 PMC Request.)  Regardless of whether

plaintiff believed that an amendment to the complaint in 03-cv-

192 necessitated motion practice, a review of the docket

indicates, and defendants concede (<u>see</u> March 2006 Tr. at 20-21),

that defendants had not answered the complaint prior to the

filing of plaintiff's amended complaint in 03-cv-192 on August

16, 2004.  Accordingly, the plaintiff's March 2004 pre-motion

conference request to amend and consolidate did not, as

defendants' contend, foreclose plaintiff from filing an amended

pleading as of right in 03-cv-192.

### 2. Effect of Judge Gleeson's Endorsed Order on Plaintiff's March 2004 Pre-motion Conference Request

Defendants further argue that Judge Gleeson's endorsed order referring plaintiff's "proposed motion" to Judge Levy constituted an "implie[d]" ruling that a motion was necessary. (Defs.' Opp'n MOL, at 14-15 n. 4; October 2004 Tr. at 12.) Defendants' argument – that Judge Gleeson could have said a motion was unnecessary for one of the three cases (03-cv-192) described in the letter – is unpersuasive.

Given the tedious, protracted and overlapping nature of the related actions, and Judge Levy's familiarity therewith, Judge Gleeson referred the proposed motions, if any, to Judge Levy, rather than himself parsing out which of the three complaints could be amended as of right and which could not, and then referring only those cases which required motion practice. District judges refer pretrial matters to magistrate judges because, among other reasons, magistrate judges often have familiarity with pretrial matters and assist the court in controlling its docket by assuming some of the burdens imposed "by a burgeoning caseload." See Chamblee v. Schweiker, 518 F. Supp. 519, 520 (N.D. Ga. 1981); see also Government of the Virgin Islands v. Williams, 892 F.2d 305, 308 (3d Cir. 1989); McCarthy v. Bronson, 500 U.S. 136, 142 (1991). The Court therefore rejects defendants' contention that plaintiff is foreclosed from

filing an amended pleading as of right, by "implying" from Judge

Gleeson's order referring the motions to consolidate and amend,

that a motion was necessary.[5]

### 3. Effect of Court's Determination that Motion Practice was Necessary for any Further Amendments to the Complaints and Amended Complaint

Defendants next contend that plaintiff's August 2004

amended complaint in 03-cv-192 is a nullity because, at a

conference before the undersigned on October 14, 2004, the Court

determined that leave of court was necessary to file further

amendments to the complaints and amended complaint in the Best

Payphones cases. (See March 2006 Tr. at 6.) The Court disagrees

with defendants' contention.

Following a lengthy conference in the Best Payphones

(and New Phone) cases on October 14, 2004, the Court ruled that a

_____

[5] It is curious that defendants seek to ascribe a meaning to
Judge Gleeson's endorsed order that would serve to preclude
plaintiff from amending its complaint in 03-cv-192 as of right,
yet fail to appreciate the significance Judge Trager's endorsed
order, dated June 5, 2003, granting defendants' request for an
extension of time to answer or move with respect to the
complaint, until July 22, 2003. Because defendants failed to
answer the complaint by July 22, 2003, plaintiff was free to
amend its complaint once as of right, as prescribed by Fed. R.
Civ. P. 15(a), and did so on August 16, 2004. A review of the
docket indicates that defendants failed to answer either the
complaint prior to its amendment and the amended complaint, and
could be subject to a default. This is not to suggest that
plaintiff should now seek a default against defendants – such a
tactic is strongly discouraged. Rather, defendants must now
answer or move against the amended complaint in 03-cv-192.

motion was required for any additional amendments then
contemplated by the plaintiff, not that a motion was required
retroactively for the August 16, 2004 filing of the amended
complaint in 03-cv-192, nearly two months earlier.  Indeed, the
Court discussed the August 2004 amended complaint during the
October 2004 conference.  (See October 2004 Tr. at 26-28.)[6]  The
Court's Minute Entry for that conference states, in relevant
part, that:

> A review of the docket sheets in the above cases
> indicates, and plaintiffs concede, that an amended
> consolidated complaint was never filed, despite the
> order dated 5/13/04 by Magistrate Judge Levy in the
> Best Payphone cases directing the parties to negotiate
> the terms of an amended consolidated complaint.  The
> docket sheet in 03-CV-192 indicates that plaintiff
> filed an amended complaint in 8/04.  Because of the
> ambiguity in the record, the court determined that
> leave of court is necessary to file *further amendments*
> to the complaints and amended complaints.

(October 2004 Minute Entry at ¶ 6) (emphasis added.)  Notably,
the only amended complaint filed by plaintiff in the Best

---

[6] THE COURT:    ". . . you've already amended 03-CV-0192,
                  according to this docket sheet."
                  [. . .]
    THE COURT:    You have amended the complaint already in 03-
                  0192.
    MR. MILLER: Yes.
    THE COURT:    You have amended it, so you don't have a
                  right to amend it without leave of the Court
                  a second time, right?
    MR. MILLER: That's true.

(October 2004 Tr. at 26-28.)

<u>Payphones</u> cases appears in 03-cv-192.[7]

At the October 2004 conference before the undersigned, it was the Court's understanding that plaintiff sought to further amend its amended complaint in 03-cv-192. The Court thus determined that any additional amendments would require motion practice. The following dialogue between plaintiff's counsel and the Court is illustrative:

        MR. MILLER:      . . . the only amendment that we made to 03-
                         0192 is docketed as amended complaint.
        THE COURT:       How is your proposed amended consolidated
                         complaint different from this amended
                         complaint?
        MR. MILLER:      It is different, it's more expansive.
        THE COURT:       Does your consolidated complaint include what
                         is in this amended complaint that was filed
                         on August 16th?
                         [. . .]
        Mr. MILLER:      The draft consolidated complaint does not
                         include what is in the amendment to the 0192.

(October 2004 Tr. at 28.)

At the conference on March 17, 2006, the Court incorrectly recalled the lengthy discussion that resulted in its October 14, 2004 minute entry and order. On March 17, 2006, the Court erroneously recalled having ordered:

        plaintiff[] to make the motion [to amend and
        consolidate] rather than to just allow it as of right,
        notwithstanding the fact that there had never been an

_____

        [7] Defendants filed an answer in the first two cases, thus triggering the requirements of Rule 15(a) that leave of court be obtained for amendments of the complaints in those cases. Because an amended complaint had been filed in 03-cv-192 in August 2004, leave of court was also required for any further amendments to that complaint.

-16-

> answer filed . . . in 03-cv-192. . . .  But just to put
> the matter to rest, because I could not untangle what
> had occurred . . . before my involvement in the case, I
> told plaintiff that they should probably just go ahead
> and make the motion.  Although procedurally, with
> respect to 192, that motion really isn't necessary.

(March 2006 Tr. at 6, 24.)  Upon the subsequent review of the

transcript of the October 2004 conference, the Court now

correctly recollects that, at that time, plaintiff anticipated

further amendments to the amended complaint in 03-cv-192, and the

Court thus determined that leave of court was necessary for the

additional amendments.

Regardless of whether plaintiff may have contemplated

further amending its amended complaint in 03-cv-192 at the time

of its March 2004 pre-motion conference request to Judge Gleeson,

or its appearances before Judge Levy or the undersigned,

plaintiff has now clarified that the current motion "is really

one to consolidate the four actions as the complaints in the

first two actions are already subsumed in [the amended complaint

in 03-cv-192], which is identical to 3541."  (Chaite Decl. ¶ 10.)

Of course, should plaintiff seek to further amend the amended

complaint in 03-cv-192, it must seek leave to do so.  In

addition, plaintiff is reminded that it must seek leave of court

to institute any new action "arising from or related to the

enactment and enforcement of the defendants' regulatory system

with respect to public pay telephones and the alleged conspiracy

among various defendants to discriminate against plaintiff and

-17-

other public pay telephone providers." See New Phone, 2005 WL 1902119, at *4. Rather than expend the resources of the parties and the Court, quibbling over what might be implied, or what should be inferred from a judge's endorsed order or other ruling, the parties are strongly urged to move these cases forward on their merits.

### 4. Defendants' Claim-Splitting Argument

Defendants contend that, because the 03-cv-192 action was "duplicative of the prior complaints" (01-cv-3934 and 01-cv-8506), they should not be "required to answer this [complaint, 03-cv-192], . . . and the Court should work out some system to combine, consolidate, drop or otherwise achieve efficiency." (October 2004 Tr. at 14.) Despite the fact that defendants "protest[ed,]" by letter to Judge Levy, the alleged duplicative nature of the complaint in 03-cv-192, and to Judge Trager by letter dated May 22, 2003 (doc. no. 5), such protestations cannot be deemed proper motions to dismiss and do not constitute an answer or a "responsive pleading" for purposes of Fed. R. Civ. P. 15(a). See Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996) (a motion to dismiss is not a responsive pleading) (citation omitted).

In its most recent submission, dated March 27, 2006, defendants argue, for the first time, that plaintiff's filing of

the amended complaint in 03-cv-192 "offends the . . . claim-splitting doctrine[.]" (Defs.' March 27, 2006 Ltr., at 3-4.)[8]

The doctrine of claim-splitting provides that "a party cannot avoid the effects of *res judicata* by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits." <u>Coleman v. B.G. Sulzle, Inc.</u>, 402 F. Supp. 2d 403, 419 (N.D.N.Y. 2005) (citing, *inter alia*, <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d 105, 110 (2d Cir. 2000)). Defendants contend that "violation of the [claim-splitting] doctrine pervades plaintiff's amended 03CV0192 complaint," insofar as the amended complaint contains allegations that arose out of the same transactions, or related series of transactions or occurrences, "implicated in the original 01CV3934 and 01CV8506 complaints." (Defs.' March 27, 2006 Ltr., at 4.)

As discussed above, because defendants had not answered the complaint in 03-cv-192, plaintiff was entitled to amend that complaint as of right. To the extent defendants' May 22, 2003 letter to Judge Trager and subsequent "protest[ations]" to Judge Levy were directed at plaintiff's original complaint in 03-cv-192, the Court notes that defendants failed to properly present their claim-splitting or any other arguments in a motion to

---

[8] Defendants previously asserted that the complaint in 04-cv-3541 violates the claim-splitting doctrine. (<u>See</u> Defs.' Opp'n MOL at 14-15 n. 4.)

dismiss the complaint.[9]

Defendants have not satisfied their own obligations to answer or otherwise formally move against the complaints they deem to be deficient or "a nullity." Upon a proper motion, "a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, *or consolidate the two actions*." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing, *inter alia*, Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 129-30 (2d Cir. 1999) (remanding for consideration of consolidation)) (emphasis added). In the absence of an answer or a motion to dismiss, and upon the procedural record in these cases, the Court cannot accept defendants' contention that the August 2004 amended complaint in 03-cv-192 is a "nullity."

---

[9] Defendants' contention that Judge Trager "granted" their request that "any obligation to answer the complaint [in 03-cv-192] be deferred until the assigned judges developed some consolidation approach or other approach to inject some efficiency[,]" in the multiple actions filed in the Southern and Eastern Districts of New York, is not supported by the record. (See Doc. No. 61, Declaration of Debra Z. Samuelson, Esq. ("Samuelson Aff."), ¶ 42.) Defendants' letter clearly requests "an extension of time to answer or move with respect to the complaint." (See May 2003 Ltr. to Judge Trager.) Indeed, the fact that defendants sought and were granted an enlargement of time in which to answer undercuts their argument that defendants were not obligated to answer until "the assigned judges developed some consolidation approach," or because of "plaintiff's own improprieties." (See Samuelson Aff. ¶ 42; Oct. 2004 Tr. at 15.)

## II. CONCLUSION

Because defendants do not oppose plaintiff's request to consolidate, and because the Court has independently found consolidation to be appropriate, the above-captioned actions are hereby consolidated under the civil docket number 03-cv-192. The amended complaint in 03-cv-192, filed on August 16, 2004, will serve as the governing complaint for purposes of the consolidated action. The motion to amend in 01-cv-3934 and 01-cv-8506 is granted to the extent that the complaints in those actions shall conform to the amended complaint filed in 03-cv-192 on August 16, 2004. A motion to amend the 03-cv-192 complaint is not necessary because the amended complaint in that case was filed as of right and plaintiff does not seek further amendments of that complaint. Based on the parties' recognition that the claims in 04-cv-3541 duplicate the claims in the amended complaint in 03-cv-192, a motion to amend 04-cv-3541 is not necessary, and plaintiff is strongly encouraged to voluntarily dismiss its complaint in 04-cv-3541.

**SO ORDERED.**
Dated: March 29, 2006
       Brooklyn, New York

_____/s/_____
KIYO A. MATSUMOTO
United States Magistrate Judge