UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BEST PAYPHONES, INC.,

                        Plaintiff,

              -against-

ALLAN DOBRIN, former Department of
Information Technology and
Telecommunications (DoITT) Commissioner,
BRUCE REGAL, former DoITT Acting Deputy
Commissioner, STANLEY SHOR, DoITT
Assistant Commissioner, AGOSTINO CANGEMI,
DoITT Deputy Commissioner, DEBRA
SAMUELSON, DoITT Deputy General
Counsel, and THE CITY OF NEW YORK,

                        Defendants.
----------------------------------------------------------------x

**MEMORANDUM OF
DECISION AND ORDER**

01-CV-3934 (LDH)(ST)
01-CV-8506 (LDH)(ST)
03-CV-0192 (LDH)(ST)

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Best Payphones, Inc. appeals Magistrate Judge Vera Scanlon's February 26, 2016 order denying Defendants Allan Dobrin, Bruce Regal, Stanley Shor, Agostino Cangemi, Debra Samuelson, and the City of New York's (collectively "Defendants") motion for spoliation sanctions, except to the extent that Defendants were awarded reasonable attorneys' fees and costs incurred in connection with the motion. (*See* Pl.'s Appeal of Mag. J. Dec., ECF No. 515; Order, Feb. 26, 2016 ("Mag. J. Scanlon's Order"), ECF No. 466.) Plaintiff also appeals Magistrate Judge Steven Tiscione's June 27, 2017 order, which set the amount of attorneys' fees and costs for the spoliation motion at $12,350.[1] (Order ("Mag. J. Tiscione's Order"), ECF No. 509.) For

---

[1] Following Magistrate Judge Scanlon's Order, Plaintiff requested that the fourteen-day period in which it was required to file an objection run from the date of the order that ultimately set the amount of attorneys' fees. (Pl.'s Letter, ECF No. 468.) The Court granted this request on July 17, 2017. Plaintiff's appeal is therefore timely.

1

the reasons set forth herein, Magistrate Judge Scanlon's Order is affirmed, and Magistrate Judge Tiscione's Order is affirmed, as modified below.

## BACKGROUND

The Court assumes the parties' familiarity with this case. In brief, Plaintiff brings this action against Defendants alleging that Defendants violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants retaliated and discriminated against it in Defendants' administration of a regulatory framework requiring franchises and permits to operate public pay telephones[2] ("PPTs") on public rights-of-way. (*See generally* Third Am. Compl., ECF No. 261.) Plaintiff seeks compensatory damages for alleged loss of business, loss of asset value, loss of business opportunities, costs of litigation, and punitive damages. (*Id*.)

On May 8, 2015, Defendants filed a motion for discovery sanctions based on Plaintiff's alleged spoliation of evidence. (Defs.' Mot. for Sanctions, ECF No. 447-1.) Specifically, Defendants argued that Plaintiff failed to preserve relevant evidence, which Defendants sought but did not receive, namely: emails between Plaintiff and third parties, particularly third parties that sought to buy Plaintiff's business; revenue information including daily activity reports from each payphone, missing bank statements; and contracts and agreements between Plaintiff and various service providers. (*Id*. at 2-4.) Defendants argued that this evidence was necessary to defend against Plaintiff's damages claim and without it Defendants "are greatly hampered from showing that [Plaintiff] was not damaged by [Defendants'] acts or omissions, but instead, it was [P]laintiff's business practices that led to the decline in the value of its PPT business and its

---

[2] "Pay phones. They require an arcane thing called 'change' in order to place a call." *See* Tanvi Misra, Why Some Places have Plenty of Pay Phones, Citylab, https://www.citylab.com/life/2014/11/why-some-places-still-have-plenty-of-pay-phones/382454/.

persistent inability to find a suitable buyer of its assets." (*Id*. at 11.)  Defendants sought the following sanctions:  the preclusion of Plaintiff "from offering any evidence as to the value of its business or its monetary losses or contesting [D]efendants' contention that any such monetary losses stemmed from [P]laintiff's own business conduct"; an "adverse inference instruction directing the jury to presume that the lost emails and revenue data were both relevant and favorable to the [D]efendants' claim that the value of [Plaintiff's] phones declined as a result of [P]laintiff's own actions and business practice"; the striking of "[P]laintiff's [Fed. R. Civ. P.] 26(a)(1) calculation of damages for 'loss related to closing price'"; the preclusion of Plaintiff from offering any evidence or testimony to support such a damages calculation; and/or awarding monetary fines.  (*Id*. at 11-12.)

On February 26, 2016, Magistrate Judge Scanlon issued an order finding that Plaintiff "was under a duty to preserve the evidence and that Plaintiff acted negligently in failing to preserve the evidence, but Defendant was not prejudiced by the destruction of the evidence." (Mag. J. Scanlon's Order at 7.)  Accordingly, Magistrate Judge Scanlon denied Defendants' requests to preclude Plaintiff from proving its damages case and for an adverse inference jury instruction, but found Plaintiff responsible for Defendants' attorneys' fees in bringing the spoliation motion.  (*Id*.)  Defendants requested an award of $54,600 in connection with the motion for sanctions and the application for attorneys' fees. (Mag. J. Tiscione Order at 2.)   In response, Plaintiff requested that no fees be awarded or alternatively that Defendants receive ten percent of the amount of fees Defendants sought.  (*Id*.)  On April 7, 2016, this matter was reassigned to Magistrate Judge Tiscione, who subsequently awarded Defendants $12,350 in fees, which represented a seventy-percent reduction of Defendants' requested award.  (*Id*.)

3

## STANDARD OF REVIEW

On appeal of a magistrate judge's order regarding non-dispositive pretrial matters, such as matters concerning discovery, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."). An order is "clearly erroneous" when upon review of the evidence, the district court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). Further, an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014).

This standard is highly deferential, as magistrate judges are "afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *McNamee v. Clemens*, No. 9-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014). "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Thus, on appeal, the "party seeking to overturn a discovery ruling generally bears a heavy burden." *Com–Tech Associates v. Computer Associates Inter., Inc.*, 753 F.Supp. 1078, 1099 (E.D.N.Y.1990), *aff'd,* 938 F.2d 1574 (2d Cir.1991).

**DISCUSSION**

**I. Magistrate Judge Scanlon's Order**

Plaintiff appeals Magistrate Judge Scanlon's Order, arguing that Magistrate Judge Scanlon erred in finding that the information alleged to have been lost was relevant. (Defs.' Appeal of Mag. J. Dec. at 2, ECF No. 518.) Plaintiff argues further that Rule 37(a)(5)(A) was not applicable, did not permit Magistrate Judge Scanlon to award attorneys' fees, and, even if Rule 37(a)(5)(A) was applicable, Plaintiff was not provided notice and an opportunity to be heard. Plaintiff also argues that Magistrate Judge Scanlon erred in awarding Defendants attorneys' fees pursuant to the court's discretion. (Pl.'s Rep. Br. at 2-5, ECF No. 519.)

The Court finds no clear error in Magistrate Judge Scanlon's determination regarding the relevance of the alleged lost evidence, or that Magistrate Judge Scanlon's findings were contrary to law. "[W]hen the destruction [of evidence] is negligent, relevance must be proven by the party seeking the sanctions." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003). In this context, the word "relevant . . . means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence. Rather, the party seeking [sanctions] must adduce sufficient evidence from which a reasonable trier of fact could infer that the 'destroyed . . . evidence would have been of the nature alleged by the party affected by its destruction.'" *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 108–109 (2d Cir. 2002) (quoting *Krosnich v. United States*, 150 F.3d 112, 127 (2d Cir. 1998)).

Here, Defendants presented sufficient evidence demonstrating that the spoliated evidence was relevant to the valuation of Plaintiff's business; an issue related to damages. For example, Defendants argued that there were email communications between Mr. Chaite and prospective buyers which included documents "that the buyers would have used to evaluate Plaintiff's

5

business." (Mag. J. Scanlon's Order at 14.) Indeed, Plaintiff admitted that "it gave prospective buyers its tax returns, bank statements and telephone bills to help value its business." (*Id*.) Yet, the email communications containing these documents were not provided to Defendants. These documents, as well as other documents sought by Defendants, would have assisted them in assessing the value of Plaintiff's business at various points in time. Magistrate Judge Scanlon ultimately found that Plaintiff "offered no excuse . . . for why the evidence was not preserved" and Mr. Chaite's attorneys failed to advise him "not to destroy any records relating to his business." (*Id*. at 18.) Magistrate Judge Scanlon's finding was neither clear error nor contrary to law. *Learning Care Grp., Inc. v. Armetta*, 315 F.R.D. 433, 438 (D. Conn. 2016) (finding laptop negligently destroyed was relevant where the defendants argued that the laptop's owner "was their main contact at LGC and her conduct and knowledge are central to the claims in this case" and defendants provided an example of an email); *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 440 (S.D.N.Y. 2009) (finding plaintiffs established relevance where defendant acknowledged the relevance of the spoliated evidence in an email).

Plaintiff further argues that Magistrate Judge Scanlon erred in awarding attorneys' fees under Rule 37(a)(5)(A). (Pl.'s Rep. Br. at 3.) Plaintiff maintains that Rule 37(a)(5)(A) permits the award of fees only where one party is forced to seek judicial intervention to compel discovery and does not permit the award of fees related to a motion for spoliation. (*Id*.) Plaintiff claims that Defendants never moved to compel the production of any specific documents from Plaintiff. (*Id*.) Plaintiff is incorrect.

While Plaintiff is correct that Defendants never moved to compel the production of documents from Plaintiff, Magistrate Judge Scanlon premised her award of attorneys' fees, at least in part, on a finding that "in response to Defendants' motion Plaintiff turned over

documents that should have been provided to Defendants when initially requested." (Mag. J. Scanlon's Order at 18.) This finding clearly demonstrates that Plaintiffs were forced to seek judicial intervention. Further, while it is true that Rule 37(a)(5)(A) was not applicable to Defendants' spoliation motion, Magistrate Judge Scanlon possessed authority to impose monetary sanctions on Plaintiff under Rule 37(b)(2)(C). Under Rule 37(b)(2)(C), where a party "fails to obey an order to provide or permit discovery," a Court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b).

On November 13, 2014, Magistrate Judge Scanlon ordered that "[a]ll discovery close[d] on or before 5/15/2015," there would be no extensions absent exigent circumstances, and "[a]ny party failing to comply with these deadlines without good cause will be subject to sanctions." (Scheduling Order, Nov. 13, 2014.) Magistrate Judge Scanlon subsequently denied Defendants' April 3, 2015 motion for an extension of time to complete discovery, but amended the schedule "to permit the extension of fact discovery solely to take Mr. Regal's deposition by 6/30/2015," and directed the parties to file a joint letter by July 3, 2015, informing the court that discovery was completed. (Scheduling Order, Apr. 21, 2015.) Thus, with regard to document production, discovery had closed on May 15, 2015, pursuant to Magistrate Judge Scanlon's November 14, 2014 Order. Plaintiff nonetheless failed to comply.

Plaintiff's failure to comply with Magistrate Judge Scanlon's November 14, 2014 Order warrants an award of sanctions. Indeed, "[t]he 'mildest' sanction under Rule 37(b) is an order to reimburse the opposing party for expenses caused by the failure to cooperate. Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice

7

in order to obtain the discovery to which it is entitled." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318, 2017 WL 3671036, at *20 (S.D.N.Y. July 18, 2017) (quoting *Seena Int'l Inc.*, 2016 WL 2865350, at *11 (quoting *Cine 42nd St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)), *report and recommendation adopted,* No. 16-CV-1318, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017); *Ruzhinskaya v. HealthPort Techs., LLC*, No. 14-CV-2921, 2015 WL 7308662, at *6 (S.D.N.Y. Nov. 19, 2015) ("Even where the destroyed material would have been of 'marginal relevance,' awarding such fees and costs may help 'to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.'") (quoting *Matteo v. Kohl's Dep't Stores, Inc.,* No. 9-CV-7830, 2012 WL 760317, at *6 (S.D.N.Y. Mar. 6, 2012), *aff'd,* 533 Fed. Appx. 1 (2d Cir. 2013)).

Further, Plaintiff's argument that it was not provided sufficient notice and an opportunity to be heard regarding the issue of attorneys' fees as a potential sanction is belied by the parties' motion practice. (*See* Pl.'s Rep. Br. at 3.) Indeed, Defendants' spoliation motion provided "notice of both the authority for the sanction, Rule 37, as well as the basis for the claim of attorney's fees, and therefore provides all the notice that is due." *See Martin v. Giordano*, 2016 WL 4411401, at *4 (E.D.N.Y Aug. 18, 2016); *see also Friedman v. SThree PLC.*, No. 14-CV-378, 2017 WL 4082678, at *5 (D. Conn. Sept. 15, 2017) ("[I]n the Rule 37 context, [the Second Circuit has] declined to impose rigid requirements on either the timing or the form of the notice afforded to a sanctioned party.") (quoting *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 270 (2d Cir. 1999) (citation omitted)). Plaintiff also had an opportunity to submit a memorandum in

8

opposition to Defendants' spoliation motion, which it did on June 5, 2015. (*See generally* Pl.'s Mem. in Opp., ECF No. 447-11.)

Accordingly, Magistrate Judge Scanlon's Order denying Defendants' spoliation motion, except to the extent that Defendants were awarded reasonable attorneys' fees and costs incurred in connection with their motion for sanctions, is affirmed.

**II.     Magistrate Judge Tiscione's Order**

Magistrate Judge Tiscione awarded Defendants $11,100 for preparation of the spoliation motion and $1,250 for the preparation of Defendants' fee application. (Mag. J. Tiscione's Order at 7-9.) Plaintiff argues that Magistrate Judge Tiscione erred in calculating the number of hours Defendants claimed to have spent working on the spoliation motion at issue. (Pl.'s Rep. Br. at 4-5.)

Defendants claimed to have expended 148 hours on the spoliation motion. (Susan Smollens Decl., ECF No. 473, ¶ 8.) Magistrate Judge Tiscione first found that 31.55 of these hours were not properly associated with the spoliation motion. (Mag. J. Tiscione's Order at 7.) Next, he determined that it was appropriate to reduce the compensable hours by 70% because defense counsel's time entries were vague and lacking in specificity. (*Id.*) But, Magistrate Judge Tiscione applied the 70% reduction to the 148 hours claimed by Defendants, and not just to the 116.45 hours which he determined were actually expended. This was error.

Based on Magistrate Judge Tiscione's finding that 31.55 hours "must have been associated with the spoliation motion in error," the seventy-percent reduction should have been applied to 116.45 hours, not 148 hours. Reducing the 116.45 hours by 70% yields 34.94 compensable hours. At the blended rate of $250 per hour, this amounts to $8,735. Together

9

with the $1,250 awarded for preparation of the fee application, Defendants' attorneys' fees award is modified from $12,350, to $9,985.

Plaintiff identifies no further error in Magistrate Judge Tiscione's Order, and the Court finds none. Accordingly, Magistrate Judge Tiscione's Order is affirmed as modified above.

**CONCLUSION**

For the reasons set forth above, Magistrate Judge Scanlon's Order is AFFIRMED, and Magistrate Judge Tiscione's Order is AFFIRMED as modified above. Defendants are awarded $9,985 in fees and costs in connection with their motion for spoliation and fee application.

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
July 26, 2018