UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BEST PAYPHONES, INC.,

        Plaintiff,

    v.

ALLAN DOBRIN, former Department of
Information Technology and
Telecommunications (DoITT) Commissioner,
BRUCE REGAL, former DoITT Acting Deputy
Commissioner, STANLEY SHOR, DoITT
Assistant Commissioner, AGOSTINO CANGEMI,
DoITT Deputy Commissioner, DEBRA
SAMUELSON, DoITT Deputy General
Counsel, and THE CITY OF NEW YORK,

        Defendants.

**MEMORANDUM AND ORDER**
03-CV-0192 (LDH) (ST)
01-CV-3934 (LDH) (ST)
01-CV-8506 (LDH) (ST)

---

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Best Payphones, Inc. filed these three consolidated actions against the City of

New York (the "City"), Allan Dobrin, Bruce Regal, Stanley Short, Agostino Cangemi, and

Debra Samuelson alleging First Amendment retaliation and unconstitutional conditions,

violations of the Equal Protection Clause, and a conspiracy in violation of 42 U.S.C. § 1983,

arising from the City's regulation of pay phones.

On November 23, 2020, Magistrate Judge Tiscione filed a report and recommendation

(the "R&R"), recommending that the Court deny Plaintiff's motion for summary judgment as to

its outstanding constitutional condition claim. Plaintiff and Defendant timely filed objections.

(Pl.'s Objections to R&R ("Pl.'s Objs."), ECF No. 572; Defs.' Objections to R&R ("Defs.'

Objs."), ECF No. 573.)

**BACKGROUND**

Magistrate Judge Tiscione recounted the factual background and procedural history of this case, which the Court will not reproduce in full. (R&R at 1–7.) Most relevant here, Plaintiff commenced the first of these actions June 7, 2001, (Compl., ECF No. 1, No. 01-CV-3934 (June 7, 2001)), and the operative third amended complaint was filed on August 20, 2010, (Third Am. Compl., No. 03-CV-192 (E.D.N.Y. Aug. 20, 2010), ECF No. 261). On July 29, 2015, Judge Gleeson referred the parties' anticipated cross-motions for summary judgment to Magistrate Judge Scanlon for a report and recommendation. On March 10, 2016, these cases were reassigned to this Court, and, on April 7, 2016, the case was reassigned from Magistrate Judge Scanlon to Magistrate Judge Tiscione. After the parties' respective motions were fully briefed, Judge Tiscione issued a report and recommendation on September 13, 2018. (September 13, 2018 R&R, ECF No. 534.)

On September 27, 2019, this Court adopted Magistrate Judge Tiscione's September 13, 2018 R&R, with modifications (the "Sept. 2019 Mem. & Order"). (Sept. 2019 Mem. & Order, ECF No. 554.) Specifically, the Court denied Plaintiff's motion for summary judgment and granted in part and denied in part Defendant's motion for summary judgment. (*Id*.) As to Plaintiff's unconstitutional condition claim, the Court determined the claim remained in the case, but agreed with Magistrate Judge Tiscione's assessment that the parties failed to properly brief their arguments on the merits of the claim. (*Id*. at 13.) As such, the Court permitted Plaintiff to file supplemental briefing setting forth the appropriate standard for the unconstitutional condition claim and the undisputed facts within the parties' 56.1 statements in support of the same. (*Id*. at 14.) Defendants were given an opportunity to respond. (*Id*. at 14.) Following supplemental briefing, the Court, by order dated December 17, 2019, referred the unconstitutional condition claim to Magistrate Judge Tisicione for a report and recommendation.

On November 23, 2020, Magistrate Judge Tiscione issued the R&R, wherein he recommended that the Court deny summary judgment as to Plaintiff's unconstitutional condition claim. (R&R.) Specifically, he recommended this Court not reach the standard of review as to the constitutional condition claim, as Plaintiff had not demonstrated uncontroverted facts showing it suffered actual injury that would entitle it to relief for the alleged constitutional violation. (R&R at 9, 13–14.) Both parties timely objected.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "the district court 'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

### I. Plaintiff's Objections

Plaintiff first argues that Magistrate Judge Tiscione erred in determining Plaintiff was required to demonstrate actual damages to obtain summary judgment on the unconstitutional condition claim. (Pl.'s Objs. at 1–3.) Specifically, Plaintiff argues that because the imposition of a constitutional condition is wrongful, an award of nominal damages is appropriate even if Plaintiff does not demonstrate an injury arising from the violation. (*Id*. at 2.) The Court disagrees.

"[T]he unconstitutional conditions doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013); *see also Frost & Frost Trucking Co. v. R.R. Comm'n of Cal.*, 271 U.S. 583, 592–99 (1926) (applying unconstitutional conditions doctrine to corporations). In other words, the doctrine "vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up." *Koontz*, 570 U.S. at 604. Likewise, the Government cannot "deny a benefit to a person on a basis that infringes his constitutionally protected interests . . . ." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). And such is the case even where "a person has no right to a valuable governmental benefit." *Id.*

Here, Plaintiff argues that the litigation waiver in the Franchise Agreement is an unconstitutional condition, infringing on its First Amendment right to petition. (Pl.'s Supp. Br. at 1, ECF No. 558.) Importantly, "[t]he constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *Whitfield v. Imperatrice,* 477 F. App'x 806, 808 (2d Cir. 2012) (quoting *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008) (internal alterations omitted)). However, "to succeed on an access-to-court claim, a plaintiff must demonstrate actual injury by proving that the denial of access hindered his efforts to pursue a non-frivolous legal claim." *Id.* (internal quotations omitted). Thus, and as Magistrate Judge Tiscione determined, for Plaintiff to succeed on its summary judgment motion, it needs to establish actual injury. A reasonable jury could find that Plaintiff did not.

Plaintiff next objects that, in any event, Magistrate Judge Tiscione further erred in determining that a material dispute existed as to causation.[1] (Pl.'s Objs. at 3–13.) Specifically, Plaintiff argues that the litigation waiver was the but-for cause of Defendant's refusal to sign the Franchise Agreement and the City rejected Defendant's executed Franchise Agreement because of Defendant's reservations as to the waiver. (*Id.* at 7–8.) Perhaps. However, as Judge Tiscione noted in his recommendation, a factual issue remains as to whether the City would have accepted Plaintiff's late agreement, absent Plaintiff's failure to submit the waiver. (R&R 11–12.) It is similarly unclear whether, absent the litigation waiver, Plaintiff would have timely executed the Franchise Agreement. Accordingly, this claim shall proceed to trial.

## II. Defendants' Objections

Defendants argue that Magistrate Judge Tiscione erred in failing to recommend summary judgment in their favor. (Defs.' Objs.)[2] Specifically, while conceding their "original motion for summary judgment did not include the unconstitutional condition claim," Defendants argue Magistrate Judge Tiscione should have nonetheless *sua sponte* granted summary judgment in their favor pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure. (*Id*. at 5–6)

As Defendants argue, "[d]istrict courts have the discretion to grant summary judgment *sua sponte*, even without notice in certain circumstances." *Jian Yang Lin v. Shanghai City Corp*, 950 F.3d 46, 49 (2d Cir. 2020) (first quoting *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Intern. Corp.*, 401 F.3d 28, 33 (2d Cir. 2005); and then citing Fed. R. Civ. P. 56(f)(1)

---

[1] The Court notes that in the Sept. 2019 Mem. & Order. the Court permitted Plaintiff to file supplemental briefing on the unconstitutional condition claim, only citing to specific paragraphs of undisputed facts within the parties' 56.1 statements. (Sept. 2019 Mem. & Order at 14.) Indeed, the Court cautioned that failure to abide by the Court's instructions "with respect to specific citations to 56.1 statements may result in the imposition of sanctions." (*Id.*) Despite the Court's clear orders, Plaintiff cites to several materials outside the parties' 56.1 statements, which the Court did not consider

[2] To be clear, by order dated December 17, 2019, the Court referred "Plaintiff's motion for summary judgment on its unconstitutional condition claim." As such, Defendants are, in effect, arguing Judge Tiscione erred by not exceeding the scope of this Court's referral.

("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.")).  True.  However, the Court declines to exercise such discretion. Defendants filed their initial motion for summary judgment in 2015.  (Defs.' Mot. Sum. J., ECF No. 462-7.)  Thereafter, Magistrate Judge Tiscione issued a fulsome report and recommendation, largely granting Defendants' motion, but making clear the unconstitutional condition claim remained a part of the case.  (September 13, 2018 R&R at 83.)  Following lengthy objections, this Court's Sept. 2019 Mem. & Order, adopting in part Judge Tisicione's R&R, confirmed the same, and permitted both parties to file supplemental briefing on the issue.  (Sept. 2019 Mem. & Order at 13–14.)  Yet, even in their supplemental briefing, Defendants did not actually move for summary judgment, but rather, titled a point heading "Summary Judgment Should be Granted to Defendants and Denied to Plaintiff."  (Defs.' Suppl. Submission at 1, ECF No. 559).  Against this backdrop, the Court now refuses to give Defendants yet another bite at the apple.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Tiscione's R&R is adopted in its entirety. Plaintiff's motion for summary judgment on the unconstitutional condition claim is DENIED.


SO ORDERED.

Dated: Brooklyn, New York      /s/ LDH
      December 16, 2021      LaSHANN DeARCY HALL
                           United States District Judge